STATE OF WEST VIRGINIA

*In re* E.T.

No. 19-0945 (Mercer County 17-JA-261-WS)

**FILED**

**June 25, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father B.T., by counsel David B. Kelley, appeals the Circuit Court of Mercer County's September 18, 2019, order terminating his parental, custodial, and guardianship rights to E.T.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Joshua J. Lawson, filed a response on behalf of the child in support of the circuit court's order. The child's foster parents, W.S. and T.S., by counsel John E. Williams Jr., filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-dispositional improvement period and terminating his parental, custodial, and guardianship rights without imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2017, the DHHR filed an abuse and neglect petition against petitioner and E.T.'s mother alleging that the child was born drug-exposed.[2] The petition alleged that the mother

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] The petition alleged that the infant child and the mother tested negative for controlled substances at the time of delivery, but the "initial urine analysis was not comprehensive of all

admitted to illegally using Dilaudid and Suboxone during her pregnancy, and that petitioner failed to protect the child from the mother's substance abuse during her pregnancy. The DHHR further alleged that petitioner had a history of domestic violence and was escorted out of the hospital shortly after E.T.'s birth. Finally, the petition alleged that petitioner abused illegal substances and alcohol. Thereafter, the circuit court ratified the child's removal, and petitioner waived his preliminary hearing.

In December of 2017, the circuit court held a hearing and heard testimony from several witnesses, including petitioner, took adjudication "under advisement," and granted him a preadjudicatory improvement period. At a review hearing in March of 2018, the DHHR and guardian requested an adjudicatory hearing after issues with petitioner's compliance. Before it could convene for adjudication, the circuit court held an emergency hearing in May of 2018 at the request of the guardian. According to a circuit court summary, petitioner failed to attend several visits with the child and made threatening comments to the service providers when he did appear. While the guardian had previously supported petitioner's preadjudicatory improvement period, he requested petitioner's visits with the child be suspended, which the circuit court granted. In June of 2018, the circuit court held a hearing and advised petitioner he would be incarcerated if he made another threat. However, the circuit court granted petitioner visitation with E.T., conditional on cooperation with the guardian and multidisciplinary team. In August of 2018, the circuit court held an adjudicatory hearing wherein petitioner stipulated to neglecting E.T. due to his substance abuse. Petitioner was granted a post-adjudicatory improvement period.

Between September of 2018 and June of 2019, the circuit court held a series of review hearings on petitioner's post-adjudicatory improvement period. At these hearings, the DHHR testified that petitioner was at times compliant with out-patient drug services and drug screens, but at other times failed or did not appear for drug screens and struggled to maintain employment, stable housing, and visit with the child.

In August of 2019, the circuit court held a final dispositional hearing. At the hearing, the DHHR moved for termination of petitioner's parental, custodial, and guardianship rights while the guardian moved for the termination of petitioner's custodial rights only. Petitioner requested additional time and, in the alternative, the termination of his custodial rights only. In requesting the termination of his parental, custodial, and guardianship rights, the DHHR alleged that petitioner was noncompliant with several terms of his improvement period. Notably, the DHHR alleged that petitioner had multiple positive drug screens during his improvement periods and was unable to secure housing. After the testimony of several witnesses, the circuit court found that substance abuse remained "an unresolved issue throughout the pendency of this case." Specifically, the circuit court found that petitioner had used drugs, had "not compl[ied] with drug screens," and had issues with his "temper and his bad attitude toward the service providers both in and out of court." Finally, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect, given that he failed to follow through with the family case plan and associated services. Accordingly, the circuit court terminated

substances." Further, the petition alleged E.T. was born showing signs of withdrawal as she was "tight, jittery[,] and had an excoriated bottom" and was treated for those withdrawal symptoms.

petitioner's parental, custodial, and guardianship rights to the child.[3] It is from the September 18, 2019, dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner alleges that the circuit court erred in not providing him a post-dispositional improvement period because he "tried everything he could and made significant progress." Petitioner argues that he should have been allowed more time for a post-dispositional improvement period, but his motion "was denied because of one setback." Further, petitioner argues that terminating his custodial and guardianship rights only would be "surely a better option" in order for him to build and maintain a relationship with the child. We disagree.

Notably, petitioner does not dispute that he missed several drug screens and supervised visits with E.T., instead pointing to periods in his improvement periods when he was compliant. Yet the record below indicates that petitioner missed several visits throughout the proceedings and acted inappropriately when he did visit. At one point, the circuit court warned petitioner he could be incarcerated if he continued to threaten service providers during his visits with the child. Additionally, while it may be true that petitioner has previously acknowledged struggling with substance abuse, he has at other times flatly denied such abuse while testing positive on some drug screens and failing to appear for other screens altogether. Finally, the record reflects that petitioner struggled to maintain housing and employment throughout the proceedings. Despite this evidence, petitioner asserts that he largely complied with the terms and conditions of his post-adjudicatory improvement period and was entitled to more time for a post-dispositional improvement period.

Petitioner is wrong to assert that he was entitled to any improvement period, as this Court has held that the granting of an improvement period is a matter of discretion afforded to the circuit court. *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). Further, this Court has held that "a parent charged with abuse and/or neglect is not unconditionally entitled to an improvement

---

[3]The mother's parental, custodial, and guardianship rights were also terminated. The permanency plan is for the child to be adopted by her current foster family.

period." *In re Emily*, 208 W. Va. 325, 336, 540 S.E.2d 542, 553 (2000). West Virginia Code § 49-4-610(3)(B) provides that the circuit court may grant a parent a post-dispositional improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." "This Court has explained that 'an improvement period in the context of abuse and neglect proceedings is viewed as an opportunity for the miscreant parent to modify his/her behavior so as to correct the conditions of abuse and/or neglect with which he/she has been charged.'" *In re Kaitlyn P.*, 225 W. Va. 123, 126, 690 S.E.2d 131, 134 (2010) (citation omitted). However, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002).

Petitioner's two assignments of error effectively argue that he should have received more time to correct the conditions of abuse and neglect that led to the petition. However, the record reflects that petitioner received both a preadjudicatory improvement period and post-adjudicatory improvement period. Altogether, petitioner participated in multiple improvement periods from December of 2017 until the termination of his parental, custodial, and guardianship rights in August of 2019. Petitioner argues that the DHHR was not required to make efforts to terminate his parental rights when it did, given that West Virginia Code § 49-4-605(a)(1) requires the DHHR "to seek a ruling in any pending proceeding to terminate parental rights" when

> a child has been in foster care for 15 of the most recent 22 months as determined by the earlier of the date of the first judicial finding that the child is subjected to abuse or neglect or the date which is 60 days after the child is removed from the home

According to petitioner, this did not apply to the child herein. While it is true that the DHHR was not required to seek termination under this statute, this Court has nonetheless previously held that

> "[a]lthough it is sometimes a difficult task, the trial court must accept the fact that the statutory limits on improvement periods (*as well as our case law limiting the right to improvement periods*) dictate that there comes a time for decision, because a child deserves resolution and permanency in his or her life, and because part of that permanency must include at minimum a right to rely on his or her caretakers to be there to provide the basic nurturance of life."

*State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 260, 470 S.E.2d 205, 214 (1996) (emphasis added). Accordingly, it is clear that, absent either a statutory requirement for the DHHR to seek termination of petitioner's parental rights or a statutory prohibition upon further time for an improvement period under West Virginia Code § 49-4-610(9),[4] our prior holdings governing the circuit court's discretion in granting improvement periods or extensions thereof permitted termination of petitioner's parental rights under the facts of this case.

---

[4]Pursuant to West Virginia Code § 49-4-610(9), "[n]otwithstanding any other provision of this section, no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months."

Despite the extensive time involved in the case, petitioner argues that but for a premature termination of his improvement period he would have secured necessary housing and overcome his substance abuse and that he otherwise largely complied with the terms and conditions of his improvement period. While petitioner is correct that the record shows that he was, at times, compliant with the terms of his improvement period and that the circuit court permitted the improvement period to continue after multiple review hearings, he ignores the fact that his compliance was sporadic. Petitioner tested positive for controlled substances on multiple drug screens and had difficulties maintaining stable and suitable housing throughout the proceedings. As such, the record is clear that despite several continuances of his improvement period, petitioner failed to maintain his compliance throughout the proceedings. Ultimately, petitioner's assertion that he substantially complied with the improvement period ignores the fact that his lack of suitable housing, failure to stay drug free, mistreatment of service providers, and lack of candor with the circuit court were not remedied sufficiently to justify the return of the child to his care.

Moreover, this evidence also supports a finding that termination of parental, custodial, and guardianship rights was necessary for the welfare of the child. Clearly, petitioner presented a danger to the child if in his custody. Additionally, "we find that adoption, with its corresponding rights and duties, is the permanent out-of-home placement option which is most consistent with the child's best interests." *State v. Michael M.*, 202 W. Va. 350, 358, 504 S.E.2d 177, 185 (1998) (internal quotations omitted). The circuit court's termination of petitioner's parental, custodial, and guardianship rights to E.T. was necessary to facilitate adoption for the child. As such, it is clear that termination of petitioner's parental, custodial, and guardianship rights was necessary to provide permanency for the child and, therefore, necessary for his welfare. Further, we have long held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604 (2019)[5]] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c) (2019)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the circuit court's order terminating petitioner's parental, custodial, and guardianship rights without the imposition of a less restrictive alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 18, 2019, order is hereby affirmed.

Affirmed.

---

[5]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

**ISSUED**: June 25, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison